IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY L. JOSEPH, #201467**                                       **PLAINTIFF**

**v.**                                                     **CAUSE NO. 1:18-cv-203-LG-RHW**

**STATE OF MISSISSIPPI**                                           **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.     BACKGROUND

Pro se Plaintiff Anthony L. Joseph brings this Complaint [1] pursuant to 42 U.S.C. § 1983. At the time of filing this Complaint, Joseph indicated that he was incarcerated at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Compl. [1] at 2, 11. Joseph is proceeding *in forma pauperis*. *See* Order [8]. The only named Defendant is the State of Mississippi.

    A.     Notice of Assignment

On June 13, 2018, the Clerk issued a Notice of Assignment [Ex. 1-1] advising Joseph that he was required to notify the Court in writing if his address changed and it also warned Joseph that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

B. Order of August 13, 2018

After review of the Complaint, the Court entered an Order [9] advising Joseph that the State of Mississippi is not a person within the meaning of § 1983. *See* Order [9]. The Order provided Joseph with "an opportunity to name a viable Defendant prior to the dismissal of this case." *Id*. at 1. The Order [9] warned Joseph that "failure to advise this Court of a change of address or failure to timely comply with any order of this Court will result in this cause being dismissed." *Id*. On August 20, 2018, the envelope [10] containing this Order [9] was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [10] at 1. The envelope also had a handwritten notation reading "No longer at ADC." *Id*. Joseph failed to comply with this Order [9] or otherwise contact the Court.

C. Show Cause Order of September 19, 2018

On September 19, 2018, the Court entered an Order to Show Cause [11] requiring Joseph to take the following actions on or before October 3, 2018: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with a court order; and (2) comply with the Order of August 13, 2018. *See* Order [11]. The Order to Show Cause [11] warned Joseph that his failure to fully comply with the Order [11] in a timely manner or his failure to keep the Court informed of his current address would result in the dismissal of this case without further written notice. *Id*. On October 1, 2018, the envelope [12]

containing the Order to Show Cause [11] was returned by the postal service with the label "return to sender – refused – unable to forward." Ret. Mail [12] at 1. The envelope also had a handwritten notation reading "No longer at ADC." *Id*. Joseph failed to comply with this Order or otherwise contact the Court.

II.  DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Joseph has failed to keep this Court advised of his current address and he has failed to comply with two Court Orders [9],[11]. Although the last two Orders [9], [11] entered by the Court were returned as undeliverable, two previous Orders [3], [5] and the Clerk's Notice of Assignment [Ex. 1-1] were successfully delivered to Joseph. All three of these documents warned Joseph that his failure to keep the Court informed of his current address or his failure to timely comply with a Court

3

order would result in the dismissal of this case.  *See* Notice [Ex. 1-1] at 1; Order [3] at 2; Order [5] at 1.

Joseph has not contacted the Court since July 19, 2018.  It is apparent to the Court that Joseph does not wish to pursue this lawsuit.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Docketing another show cause order would likewise be futile when Joseph has failed to provide a valid address.  Dismissal without prejudice is warranted.

III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE